**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Tyler Rhoads, | : | Case No. 3:09CV0814 |
| | : | |
| Petitioner | : | Judge Christopher A. Boyko |
| | : | |
| v. | : | Magistrate Judge David S. Perelman |
| | : | |
| Robert Welch, Warden, | : | |
| | : | **REPORT AND RECOMMENDED** |
| | : | **DECISION** |
| Respondent | : | |

In this action in habeas corpus, 28 U.S.C. §2254, petitioner challenges the constitutionality of his March 9, 2007 sentence to an aggregate term of imprisonment of 48 years, consequent to his conviction pursuant to a plea of guilty to six counts of rape, upon which he was sentenced to eight years incarceration on each count, to be served consecutively.

Petitioner's sentencing history was summarized by the state appellate court as follows:

> On September 2, 2005, Rhoads was indicted on six counts of rape in violation of R.C. 2907.02 (A)(1)(b) and one count of gross sexual imposition in violation of R.C. R.C. 2907.02 (A)(4). All of the rape counts carried a specification that the victim was under ten years of age. On August 1, 2006, Rhoads entered a plea of guilty to each of the six counts of rape. The State, pursuant to the plea agreement, dismissed the age specifications on the counts and the count of gross sexual imposition. On September 20, 2006, the sentencing hearing was held. Rhoads was sentenced to serve a prison term and ordered to pay restitution. Rhoads appealed the sentence, but the appeal was dismissed for lack of a final appealable order. A final order of sentencing was filed on March 9, 2007. This order

1

>   sentenced Rhoads to a prison term of eight years on each of the six
>   counts and ordered that the sentences be served consecutively.

Petitioner appealed his March 9, 2007 sentencing to the Ohio Third District Court of Appeals alleging one assignment of error:

>   1. The trial court erred when it sentenced Tyler Rhoads to serve a prison term that exceeded minimum, concurrent terms of incarceration. (Sept. 20, 2006 Tr. Pp. 58-70; March 9, 2007 Journal Entry). The sentence imposed was based on facts that were not found by a jury or admitted by Mr. Rhoads, in contravention of his rights guaranteed by the Sixth Amendment to the United States Constitution. *Blakely v. Washington* (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.3d 403.

On October 9, 2007 the appellate court affirmed the sentence imposed by the trial court.

Petitioner appealed the appellate court ruling to the Ohio Supreme Court alleging the following sole proposition of law:

>   **Proposition of Law No. I:** The remedy set forth in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856 violates the Ex Post Facto and Due Process Clauses of the United States Constitution as well as Article I, Section 16 of the Ohio Constitution.

On March 12, 2008 the state supreme court denied petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question.

On April 8, 2009 the petitioner filed the instant petition, in which he raises the following sole claim for relief:

>   **A. GROUND ONE:** The severance remedy set forth in *State v. Foster*, 109 Ohio St.3d 1, violated Petitioner's right to due process of law and the protection against Ex Post Facto law as guaranteed by the Due Process and Ex Post Facto Clauses of the United States Constitution.
>
>   **Supporting FACTS:** Mr. Rhoads is serving an unconstitutional sentence. According to the sentencing statutes that were in effect at the time of his offense, there is a presumption Mr. Rhoads

>would have been sentenced to concurrent sentences unless the judge made findings required by R.C. 2929.14(A)-(E). However, in February, 2006 the Ohio Supreme Court in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856 determined portions of R.C. 2929.14 to be unconstitutional and severed the portions determined to be unconstitutional. As a result of this severance, the trial court could impose consecutive sentences without considering consistency and proportionality or without giving any reasons for the sentence. The retroactive application of the Foster remedy violated the Due Process and the Ex Post Facto Clauses of the United States Constitution.

In his brief in response to the respondent's return of writ petitioner concedes that:

>[T]he United States Supreme Court's recent decision in *Oregon v. Ice*, __ U.S. ___, 129 S.Ct. 711 (2009), indicates that *Blakely v. Washington*, 542 U.S. 296 (2004), does not apply to consecutive sentences. Therefore, he withdraws his claim regarding the consecutive sentences.

Absent that claim, his challenge is to the "non-minimum nature of his sentence."

The provisions of the Antiterrorism and Effective Death Penalty Act, "AEDPA," Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 26, 1996) are controlling herein as the instant petition was filed after the Act's effective date. Lindh v. Murphy, 521 U.S. 320 (1997).[1]

The role of a federal district court in habeas corpus is set forth in Title 28 U.S.C. § 2254 (d) which provides:

>(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
>>(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

---

[1]There are no issues of untimeliness or procedural default in this case.

3

>Supreme Court of the United States; or

>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has held that the clauses "contrary to" and "unreasonable application of" as found in §2254(d)(1) have independent meanings; Williams v. Taylor, 529 U.S. 420 (2000), with the state court adjudication being "contrary to" Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [that of the Supreme Court];" and with the state court adjudication involving an "unreasonable application of clearly established Federal law, as determined by the Supreme Court" "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "if the state court either unreasonably extends a legal principal from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principal to a new context where it should not apply or unreasonably refuses to extend that principal to a new context where it should apply." 120 S.Ct. at 1519-1520. In deciphering the "unreasonable application" clause this Court must inquire as to whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521. Even if the state court decision resulted in an incorrect application of federal law, if that decision is reasonable it will stand. Id. See, Machacek v. Hofbauer, 213 F.3d 947, 953 (6th Cir. 2000).

In his sole claim for relief the petitioner challenges the sentence imposed by the trial court, which was more than the minimum prison term, without reliance upon factual findings made by

4

a jury to enhance his sentence under the law, which he claims to have been in violation of the rule of law set out by the United States Supreme Court in Blakely v. Washington, 542 U.S. 296 (2004). Petitioner argues further that the remedy set forth in State v. Foster, 109 Ohio St.3d 1, 845 N.E.3d 470 (2006), violates the Ex Post Facto and Due Process Clauses of the United States Constitution, in light of the fact that the effect of that decision was to increase the statutory presumptive from the pre-Foster presumptive minimum term which was in effect when the crimes were committed.

In Blakely, the Court held that violations of the Sixth Amendment to the United States Constitution could be avoided if "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 301 (quoting Apprendi v. New Jersey, 530 U.S. 466, 490 (2000)). Although the Blakely case limited the authority of the trial judge to impose sentences in excess of the maximum provided by law, the authority of a sentencing judge to impose a sentence within the prescribed statutory range for a particular offense was not limited in the same way.

In January of 2005 the United States Supreme Court held, in United States v. Booker, 543 U.S. 220, 245, 259 (2005), that the mandatory provisions of the United States Sentencing Guidelines were unconstitutional under the Blakely decision, but they could be used in an advisory manner.

The Ohio Supreme Court applied the Apprendi, Blakely, and Booker decisions to the Ohio sentencing guidelines and held that parts of Ohio's felony sentencing scheme were unconstitutional, including Ohio Revised Code §§ 2929.14(B), 2929.19(B)(2), and 2929.41, which provide for judicial findings of fact in order to rebut presumptions in sentencing terms;

§2929.14(C), providing for the imposition of maximum sentences; §2929.14(D)(2)(b), findings for repeat violent offender; §2929.14(D)(3)(b), major drug offenders; §2929.14(E)(4), providing for the imposition of consecutive sentences;[2] and §2953.08 (G), statutory findings for consecutive sentences in the appellate record. State v. Foster, 109 Ohio St.3d 1, 62-67, 83, 845 N.E.2d 470 (2006). The constitutional violation was premised upon the fact that those provisions require judicial findings of fact beyond those either rendered by the jury or admitted to by the defendant. Ibid. Those offending portions of the sentencing code were severed, *but trial courts retained full discretion to impose sentences within the statutory range while no longer being required to make findings of fact or to articulate reasons for imposing maximum or consecutive sentences*. Id. at 100. Not severed from the sentencing code was §2929.12 which provides for a determination of the seriousness of the offense and recidivism factors, including a prior criminal history. As the Court did in Booker, the Ohio Supreme Court determined that its holding in Foster was to be applied to any case pending on direct appeal, and that where sentences were found to have been constitutionally invalid, remanding and re-sentencing were in order.

      The Ex Post Facto Clause provides that "no State shall...pass any...ex post facto Law." U.S. Constitution, Art. I., §10, cl.1. Ex Post Facto Clause challenges to the Foster decision have been repeatedly denied by Ohio state courts. State v. Swann, 171 Ohio App.3d 304, 314, 870 N.E.2d 754, 762 (2007), reversed on other grounds, 119 Ohio St.3d 552 (2008); State v. Sharp, unreported, Case No. 89295, 2007 Ohio App. LEXIS 5549 (Ct.App.Cuy.Cnty. 2007); State v. McGhee, unreported, Case No. 17-06-05, 2006 Ohio App. LEXIS 5102 (Ct.App. Shelby Cnty.

---

[2]On January 14, 2009 the United States Supreme Court decided Oregon v. Ice, 555 U.S. ___, 2009 U.S. LEXIS 582 (2009), which abrogated this portion of the Foster decision and held that judicial factfinding to determine whether consecutive sentences should be imposed does not violate Apprendi/Blakely. In so doing, the Court expanded the scope of judicial factfinding discretion in sentencing.

2006). The McGhee court premised its decision that there had been no violation of the Ex Post Facto Clause in part on the fact that the defendant "knew the potential statutory sentence for committing a first degree felony, ...had notice that Ohio's sentencing statutes were subject to judicial scrutiny, and ...was unlikely to amend his criminal behavior in light of a sentencing change." McGhee, supra at ¶20. The Sharp court determined that "the sentencing range was the same at the time [the defendant] committed the offenses as when he was sentenced," and the Foster case "did not judicially increase the range of his sentence." Sharp, supra at ¶10.

Ex Post Facto Clause challenges to the Booker[3] decision have been repeatedly denied by the federal courts. United States v. Barton, 455 F.3d 649, 657 (6th Cir. 2006), cert. denied, 127 S.Ct. 748 (2006); United States v. Davenport, 455 F.3d 366 (4th Cir. 2006); United States v. Austin, 432 F.3d 598, 599-600 (5th Cir. 2005); United States v. Vaughn, 430 F.3d 518 (2nd Cir. 2005), cert. denied, 547 U.S. 1060 (2006); United States v. Perez-Ruiz, 421 F.3d 11 (1st Cir. 2005), cert. denied, 546 U.S. 1120 (2006); United States v. Dupas, 419 F.3d 916, (9th Cir. 2005), cert. denied, 547 U.S. 1011 (2006); United States v. Jamison, 416 F.3d 538 (7th Cir. 2005) ("Jamison also had fair warning that distributing cocaine base was punishable by a prison term of up to twenty years, as spelled out in the United States Code. Jamison had sufficient warning of the possible consequences of his actions, and his sentence does not run afoul of any of the core concepts discussed in Rogers.")

Notably, Ex Post Facto challenges similar to that raised by the instant petitioner have also been rejected by judges in this district. Watkins v. Williams, Case No. 3:07CV1296 (N.D.Ohio June 17, 2008) (J. Adams) (The Foster decision did not violate due process as it did not alter the

---

[3]Significant in light of the fact that the Foster and Booker decisions employed similar rationales to craft similar remedies.

fact that the defendant was well aware of the maximum penalty he faced at the time of his crime.); Lyles v. Jeffreys, Case No. 3:07CV1315 (N.D.Ohio April 24, 2008) (J. Oliver) (The trial court's re-sentencing did not violate petitioner's Due Process right not to be re-sentenced pursuant to a law which violates the Ex Post Facto Clause, as petitioner "had fair notice of the acts that were prohibited and the degree of punishment which the Ohio legislature wished to impose on those who committed those acts."); McGhee v. Konteh, Case No. 1:07CV1408 (N.D.Ohio Feb. 1, 2008) (J. Nugent) (Affirming Magistrate Judge Limbert's conclusion that "Since the *Foster* decision does not change the elements necessary to convict Petitioner or the potential maximum sentence that Petitioner faced for a first degree felony, *Foster* does not raise an ex post facto-type due process violation. Moreover, the trial judge's application of *Foster* to Petitioner's case in particular did not violate *Apprendi* because he did not sentence Petitioner beyond the statutory maximum.")

In State v. Elswick, Case No.2006-L-075, 2006-Ohio-7011 (Ct.App. Trumbull Cnty. 2006), a case which summarizes the issues of state and federal law raised by petitioner herein, the state appellate court held that the application of the Foster decision to a case in which the crimes were committed before the decision was issued did not violate either the Due Process or the Ex Post Facto Clauses, in light of the fact that the potential sentences faced by the defendant were the same before and after the Foster decision, holding in pertinent part:

> In his first assignment of error, appellant argues that the trial court erred by sentencing him to more than the minimum prison terms in violation of the due process and ex post facto clauses of the Ohio and United States Constitutions. He alleges that the sentences imposed were not available to the trial court at the time the offenses were committed.
>
> In his second assignment of error, appellant contends that the trial court erred by sentencing him to more than the minimum prison terms in violation of his right to due process. He maintains that he

8

had neither actual nor construction notice that the sentences imposed were possible punishments for the offenses.

\* \* \* \* \*

With respect to his first and second assignments of error, appellant raises an issue of first impression for our court. However, other appellate districts have considered the question, and concluded that *State v. Foster, 109 Ohio St.3d 1, 2006 Ohio 856, 83, 845 N.E.2d 470,* does not violate *due process* and the *ex post facto clause* because defendants face the same potential sentences as they did before *Foster* was decided. See *State v. Smith, 2d Dist. No. 21004, 2006 Ohio 4405; State v. Newman, 9th Dist. No. 23038, 2006 Ohio 4082;* and *State v. McGhee, 3d Dist. No. 17-06-05, 2006 Ohio 5162*.

Article I, Section 10 of the United States Constitution provides that no state shall pass ex post facto laws. The ex post facto clause extends to four types of laws:

> "'1st. Every law that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action. 2d. Every law that aggravates a crime, or makes it greater than it was, when committed. 3d. *Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed.* 4th. Every law that alters the legal rules of evidence, and receives less, or different, testimony than the law required at the time of commission of the offense, in order to convict the offender.'" (Emphasis added.) *Rogers v. Tennessee (2001), 532 U.S. 451, 456, 121 S.Ct. 1693, 149 L.Ed.2d 697,* quoting *Calder v. Bull (1798), 3 U.S. 386, 390, 1 L.Ed. 648, 3 Dall. 386* (seriatum opinion of Chase, J.).

In addition "'*Section 28, Article II of the Ohio Constitution* prohibits the General Assembly from passing retroactive laws and protects vested rights from new legislative encroachments.'" *Smith v. Smith, 109 Ohio St.3d 285, 2006 Ohio 2419, at P6, 847 N.E.2d 414*, quoting *Vogel v. Wells (1991), 57 Ohio St.3d 91, 99, 566 N.E.2d 154.* "The *retroactivity clause* nullifies those new laws that 'reach back and create new burdens, new duties, new obligations, or new liabilities not existing at the time (the statute becomes

9

effective).'" *Bielat v. Bielat (2000), 87 Ohio St.3d 350, 352-353, 2000 Ohio 451, 721 N.E.2d 28,* quoting *Miller v. Hixson (1901), 64 Ohio St.39, 51, 59 N.E.749.*

In the instant matter, we must consider both the federal and state constitutional ramifications of *Foster*.[2]

---

[2] In *Foster*, the Supreme Court of Ohio held that the trial court is no longer required to make findings or give its reasons for imposing the maximum, consecutive or more than the minimum sentences. *Foster*, *supra*, at paragraph seven of the syllabus.

---

With respect to the federal constitutional considerations, due process guarantees notice and a hearing. The right to a sentencing hearing has not been implicated by *Foster*. Thus, we are only concerned with the issue of warning as to potential sentences. Federal circuit courts have determined that *United States v. Booker (2005), 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed. 621*, does not violate the ex post facto clause because there has been no due process violation.

Most circuit courts have held that defendants were on notice with respect to statutory maximums, regardless of whether the federal sentencing guidelines were mandatory. *McGhee, supra, at P15,* citing *United States v. Duncan (11th Cir. 2005), 400 F.3d 1297.* See, also, *United States v. Pennavaria (3d Cir. 2006), 445 F.3d 720; United States v. Davenport (4th Cir. 2006), 445 F.3d 366; United States v. Alston-Graves (D.C.Cir. 2006), 369 U.S.App. D.C. 219, 435 F.3d 518; United States v. Dupas (9th Cir. 2005), 419 F.3d 916;* and *United States v. Jamison (7th Cir. 2005), 416 F.3d 538.*

Similarly, in Ohio, prior to *Foster*, individuals who decided to commit crimes were aware of what the potential sentences could be for the offenses committed. *R.C. 2929.14(A)*. Here, appellant pleaded guilty to count one, failure to comply with order or signal of police officer, a felony of the third degree, in violation of *R.C. 2921.331(B)*, and count two, receiving stolen property, a felony of the fourth degree, in violation of *R.C. 2913.51(A)*. The indictment alleged that appellant committed the foregoing offenses on December 13, 2005. Thus, appellant's offenses were committed before *Foster*, but after *Apprendi v. New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403* and *Booker,*

*supra*.

There was no legislative alteration of Ohio's sentencing code post *Foster*. The range of sentences available for third and fourth degree felonies remained unchanged. *R.C. 2929.14(A)(3) and (4)* provided fair warning to appellant that he could receive anywhere from one to five years for his third degree felony offense, and six to eighteen months for his fourth degree felony offense. Appellant understood and signed his plea agreement, specifying the code provisions in effect at that time, which, again, have not changed or been enlarged in any manner after *Foster*. He was sentenced on April 3, 2006, over a month after *Foster* was decided.

Appellant knew the potential statutory sentence, had notice that Ohio's sentencing statutes were subject to judicial scrutiny, and was unlikely to amend his criminal behavior in light of a sentencing change. Therefore, this court cannot hold that *Foster* violated federal notions of due process as established in *Bouie v. Columbia (1964), 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894,* and *Rogers, supra.*

Regarding the state constitutional considerations, the Third District in *McGhee, supra, at P21-22,* stated:

> "[i]n construing Ohio's constitution, we must adapt the test for retroactive legislation to apply to retroactive judicial decisions. In determining whether a law violates *Section 28, Article II of the Ohio Constitution*, we must first evaluate whether the court intended its holding to apply retroactively. See [*Smith supra at P6*]\*\*\*. In *Foster*, the court applied its holding retroactively, but only os as to affect cases on direct appeal and those cases pending in the trial courts. *Foster, at P104.*\*\*\*
>
> "Even though a law may apply retroactively, it is not necessarily unconstitutional. A substantive retroactive law will be held unconstitutional, while a remedial retroactive law is not. *Smith, at P6*\*\*\*. A statute is substantive if it "'impairs vested rights, affects an accrued substantive right, or imposes new or additional burdens, duties, obligations, or liabilities as to a past transaction.'" *Id. at P6*\*\*\*."

11

> We agree with the Third District that the court's holding in *Foster* does not create a substantively retroactive law. *McGhee, supra, at P23*. The holding in *Foster* applies retroactively in a limited number of cases, but it does not affect a vested or an accrued substantive right. Id. "[A] presumed sentence *can* be 'taken away' without the defendant's consent." *Id. at P24*. Thus, no vested right has been affected by *Foster*. Id. In addition, no accrued substantial right has been affected. *Id. at P25*. "[D]efendants are not entitled to enforce or protect specific sentences prior to sentencing." Id. A range of determinative sentences available for each degree of felony offense is established in *R.C. 2929.14(A)*. "Even under S.B.2, defendants could not expect a specific sentence because judges could make findings to sentence anywhere within the range provided by *R.C. 2929.14(A)*." Id.
>
> *Foster* does not violate *Section 28, Article II of the Ohio Constitution*, or Article I, Section 10 of the United States Constitution .
>
> Appellant's first and second assignments of error are without merit.

State v. Elswick, supra at ¶¶10-31.

Turning to the present case, the appellate court rejected petitioner's challenges to his sentence, holding in pertinent part:

> In support of the assignment of error, Rhoads claims that his sentence violates his constitutional rights because it relies upon facts not found by a jury or admitted by the defendant. Rhoads first argument is that the remedy adopted by Ohio Supreme Court in *State v. Foster*, 109 Ohio St.3d 1, 2006 Ohio 856, 845 N.E.2d 470, violates the ex post facto clause and the due process clause of the United States Constitution. This court has previously addressed the question of whether the *Foster* decision violates the due process and ex post facto clauses of the United States Constitution and the Ohio Constitution in *State v. McGhee*, 3rd Dist. No. 17-06-05, 2006 Ohio 5162. In *McGhee*, this court carefully analyzed the holding in *Foster* in relation to both constitutions and found no violation because it did not affect a vested right and did not change the possible sentence range. Id. at P23-26. Likewise in this case, Rhoads was always subject to possibly receiving the sentence imposed because it is within the range of permissible sentences. Additionally, the trial court had the authority to order the sentences

>served consecutively prior to the opinion in *Foster*. The only difference is that the trial court was then required to make findings to support the sentence and now is not.
>
>Rhoads also argues the that trial court's sentences were based upon facts neither admitted by the defendant or found by a jury. Under *Foster*, a trial court is no longer required to state why it imposes more than the minimum sentence or why it imposes consecutive sentences. *State v. Park*, 3rd Dist. No. 3-06-14, 2007 Ohio 1084. Instead the trial court has full discretion to impose any prison term within the basic ranges set by statute. Id. The trial curt also has full discretion to impose consecutive sentences. Id. The standard of review of a sentence is one of abuse of discretion. Id. Since the sentences imposed for each count were within the statutory range, the trial court did not abuse its discretion in imposing the sentences or requiring the sentences to be served consecutively. The assignment of error is overruled.

This Court agrees with the state appellate court's conclusion that there was no constitutional violation in petitioner's sentencing, due to the fact that petitioner had sufficient warning (both before and after Foster) of his potential sentence to satisfy the Ex Post Facto and Due Process Clauses in light of the fact that Foster did not change the potential maximum sentence that he faced if he committed the crime with which he was charged, nor did it change the elements necessary to convict him of that crime. In addition, he was informed at his sentencing that his sentence would fall within the proscribed ranges for crimes upon which he entered his plea. Petitioner knew that any thought of receiving a minimum sentence he may have entertained prior to his sentencing was always vulnerable to change by the sentencing court.

Petitioner does not convince this Court otherwise by citing to Miller v. Florida, 482 U.S. 423 (1987), a case which he claims to pose an "analogous situation" to that presented in this case, as supporting the proposition that "[T]he application of a state's revised sentencing guidelines to a defendant whose crimes occurred before such revisions took effect violates the Ex Post Facto

13

Clause and the defendant's right to due process."  While it is true that in the <u>Miller</u> case the Supreme Court found that the Ex Post Facto Clause prohibits the application of retrospective laws which "disadvantage the offender affected by [them][,]" it subsequently disregarded its language in that case, as well as two others where similar phrasing was employed, and held as follows:

> Our opinions in *Lindsey [v. Washington, 301 U.S. 397 (1937)]*, *Weaver* [*v. Graham, 450 U.S. 24 (1981)]*, and *Miller* suggested that enhancements to the measure of criminal punishment fall within the ex post facto prohibition because they operate to the 'disadvantage' of covered offenders.  But that language was unnecessary to the results in those cases and is inconsistent with the framework developed in *Collins v. Youngblood*, 497 U.S. 37, 41, 100 S.Ct. 2715, 2718, 111 L.Ed.2d 30 (1990).  After *Collins*, the focus of the ex post facto inquiry is not on whether a legislative change produces some ambiguous sort of 'disadvantage' *** but on whether any such change alters the definition of criminal conduct or increases the penalty by which a crime is punishable.

<u>California Department of Corrections v. Morales</u>, 514 U.S. 499, 506 n.3 (1995).

Further rendering the <u>Miller</u> decision unpersuasive is that its facts are distinguishable, in that in the <u>Miller</u> legislature increased the penalty for the crime committed by that defendant between the time it was committed and the time of sentencing, whereas in the present case the statutory range of sentences was unchanged.

As a consequence of the foregoing, petitioner has failed to show that the state appellate court decision upholding his re-sentencing resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, nor that the decision was based upon an unreasonable determination of the facts in light of the evidence presented.

It follows that petitioner's sole claim for relief is without merit.

In light of all the foregoing it is concluded that no claim of constitutional violation has been

presented requiring further proceedings prior to disposition on the merits.

It is, therefore, recommended that the petition be dismissed without further proceedings.

s/DAVID S. PERELMAN  
United States Magistrate Judge

DATE:   September 15, 2009

## OBJECTIONS

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).