**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| TYLER RHOADS, | ) | CASE NO.3:09CV0814 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| ROBERT WELCH, Warden | ) | MEMORANDUM OF OPINION |
| | ) | |
| Respondent. | ) | |

## CHRISTOPHER A. BOYKO, J:

This matter comes before the Court on Petitioner Tyler Rhoads' Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1). For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation and dismisses Petitioner's petition.

## FACTS

The following is a factual synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation adopted and incorporated, provides a more complete and detailed discussion of the facts. On September 2, 2005, Petitioner was indicted on six counts of Rape in violation of R.C. 2907.02 (A)(1)(b) and one count of Gross Sexual Imposition in violation of Ohio Revised Code 2907.02 (A)(4). All of the Rape counts carried a specification that the victim was under ten years of age. On August 1, 2006, Petitioner

1

entered a plea of guilty to each of the six counts of Rape. The State, pursuant to the plea agreement, dismissed the age specifications on the counts and the count of Gross Sexual Imposition. On September 20, 2006, Petitioner was sentenced to serve consecutive prison terms of eight years on each of the six counts, for a total of 48 years.

On October 19, 2006, Petitioner appealed to the Third District Court of Appeals, Hancock County, Ohio. The Court of Appeals sua sponte dismissed this appeal on November 3, 2006, holding that the trial court's judgment was not a final order because it did not provide a restitution amount or the method of payment. On November 13, 2006, Petitioner filed an Application for Reconsideration pursuant to App.R. 26(A). Because of the Court of Appeal's decision, on November 21, 2006, the trial court sentenced Petitioner to serve an aggregation of 48 years and ordered zero dollars for restitution. The trial court held that this entry, along with the sentencing entry filed on September 24, 2006 resolved the sentencing issues. The Court of Appeals denied the Application for Reconsideration and on March 9, 2007, the trial court issued a corrected final sentencing order.

Petitioner appealed his March 9, 2007 sentencing to the Ohio Third District Court of Appeals. On October 9, 2007 the appellate court affirmed the sentence imposed by the trial court. Petitioner appealed the appellate court ruling to the Ohio Supreme Court. On March 12, 2008 the Ohio Supreme Court denied Petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question. On April 8, 2009 the Petitioner filed the instant Petition, in which he raises the following sole claim for relief:

> **GROUND ONE**: The severance remedy set forth in *State v. Foster*, 109 Ohio St.3d 1, violated Petitioner's right to due process of law and the protection against Ex Post Facto law as guaranteed by the Due Process and Ex Post Facto Clauses of the United States Constitution.
>
> **Supporting FACTS**: Mr. Rhoads is serving an unconstitutional sentence. According to the sentencing statutes that were in effect at the time of his offense, there is a presumption Mr. Rhoads would have been sentenced to concurrent sentences unless the judge made findings required by R.C. 2929.14(A)-(E). However, in February, 2006 the Ohio Supreme Court in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856 determined portions of R.C. 2929.14 to be unconstitutional and severed the portions determined to

>be unconstitutional. As a result of this severance, the trial court could impose consecutive sentences without considering consistency and proportionality or without giving any reasons for the sentence. The retroactive application of the Foster remedy violated the Due Process and the Ex Post Facto Clauses of the United States Constitution.

In his Brief in Response to the Respondent's Return of Writ, Petitioner concedes that: [T]he United States Supreme Court's recent decision in *Oregon v. Ice*, __ U.S. ___, 129 S.Ct. 711 (2009), indicates that *Blakely v. Washington*, 542 U.S. 296 (2004), does not apply to consecutive sentences, and withdraws his claim regarding the consecutive sentences. Therefore, his challenge is to the "non-minimum nature of his sentence."

On April 14, 2009, this Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation. The Magistrate Judge issued his Report and Recommendation on September 15, 2009. Petitioner filed his Objections to the Report and Recommendation on September 29, 2009.

## **STANDARD OF REVIEW**

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary.

3

*McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## **ANALYSIS**

In his sole claim for relief, Petitioner claims the trial court erred by sentencing him to more than the minimum prison term without relying upon factual findings made by a jury to enhance his sentence. Petitioner alleges his sentence violates the rule of law set out by the United States Supreme Court in *Blakely v. Washington*, 542 U.S. 296 (2004). Petitioner argues further that *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.3d 470 (2006), violates the Ex Post Facto and Due Process Clauses of the United States Constitution, because *Foster* increased the statutory presumptive from the pre-*Foster* presumptive minimum term which was in effect when the crimes were committed.

In his Report and Recommendation, the Magistrate Judge correctly determined that although *Blakely, supra*, limited the authority of the trial judge to impose sentences in excess of the maximum provided by law, the authority of a sentencing judge to impose a sentence within the prescribed statutory range for a particular offense was not limited in the same way. In January of 2005, the United States Supreme Court held in *United States v. Booker*, 543 U.S. 220, 245, 259 (2005), that the mandatory provisions of the United States Sentencing Guidelines were unconstitutional under the *Blakely* decision, but they could be used in an advisory manner.

The Ohio Supreme Court held that parts of Ohio's felony sentencing scheme were unconstitutional, and those offending portions of the sentencing code were severed, but trial courts retained full discretion to impose sentences within the statutory range while no longer being required to make findings of fact or to articulate reasons for

4

imposing maximum or consecutive sentences. *Foster*, *supra,* at 62-67. As the Magistrate Judge correctly points out, not severed from the sentencing code was §2929.12, which provides for determining the seriousness of the offense and recidivism factors, including a prior criminal history. As the United States Supreme Court did in *Booker*, the Ohio Supreme Court determined that its holding in *Foster* was to be applied to any case pending on direct appeal, and that where sentences were found to have been constitutionally invalid, remanding and re-sentencing were in order.

In his Petition, Petitioner contends the retroactive application of *Foster* violates the Due Process and the Ex Post Facto Clauses of the United States Constitution. The Ex Post Facto Clause provides that "no State shall...pass any...ex post facto Law." U.S. Constitution, Art. I., §10, cl.1. In Respondent's Answer/Return of Writ, he asserts," The Ex Post Facto Clause, by its own terms, does not apply to courts. Extending the Clause to courts through the rubric of due process . . . would circumvent the clear constitutional text. It also would evince too little regard for the important institutional and contextual differences between legislating, on the one hand, and common law decisionmaking, on the other." *Rogers v. Tennessee*, 532 U.S. 451, 460 (2001).

In his well-reasoned Report and Recommendation, the Magistrate Judge points out that Ex Post Facto Clause challenges to *Foster* have been repeatedly denied by Ohio state courts, and Ex Post Facto Clause challenges to *Booker* have been repeatedly denied by the federal courts. Additionally, Ex Post Facto challenges similar to that raised by Petitioner have also been rejected by judges in this district. *Watkins v. Williams*, Case No. 3:07CV1296 (N.D.Ohio June 17, 2008) (J. Adams), *Lyles v. Jeffreys*, Case No. 3:07CV1315 (N.D.Ohio April 24, 2008) (J. Oliver), *McGhee v. Konteh*, Case No. 1:07CV1408 (N.D.Ohio Feb. 1, 2008) (J.Nugent).

As in *State v. Elswick*, Case No.2006-L-075, 2006-Ohio-7011 (Ct.App. Trumbull Cnty. 2006), a case which summarizes the issues of state and federal law raised by this

Petitioner, the state appellate court held that the application of *Foster* to a case in which the crimes were committed before the decision was issued did not violate either the Due Process or the Ex Post Facto Clauses, because potential sentences faced by the defendant were the same before and after *Foster.* In this Petitioner's case, the appellate court held that the sentence imposed was within the range of permissible sentences and the trial court has full discretion to impose any prison term within the range set by statute.

This Court agrees with the Magistrate Judge and the appellate court that Petitioner had sufficient warning of his potential sentence to satisfy the Ex Post Facto and Due Process Clauses. Petitioner was informed at his sentencing that his sentence would fall within the proscribed ranges for crimes upon which he entered his plea. In Petitioner's Traverse, he cites *Miller v. Florida*, 482 U.S. 423 (1987) as similar to this case. However, as the Magistrate Judge correctly determined, the facts are distinguishable in *Miller* because the *Miller* legislature increased the penalty for the crime committed by that defendant between the time it was committed and the time of sentencing. However, in the present case, the statutory range of sentences was unchanged.

Therefore, the Court finds that Petitioner has failed to show that the state appellate court decision upholding his re-sentencing resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court. Petitioner's ground for relief is without merit and fails to prove a constitutional violation.

For the foregoing reasons, the Court finds the Magistrate Judge's Report and Recommendation accurately and thoroughly addresses Petitioner's arguments. The Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well reasoned Report and Recommendation and Petitioner's Petition Under 28 U.S.C. §2254 for Writ of habeas

Corpus by a Person in State Custody is dismissed.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

    IT IS SO ORDERED.

Date:10/27/2009
s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge